**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO CONTRERAS; MADELINE HUNTER, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> TOYOTA MOTOR SALES U.S.A. INC., <br><br> Defendant - Appellee. | No. 10-16556 <br><br> D.C. No. 3:09-cv-06024-JSW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted September 14, 2011
San Francisco, California

Before: THOMAS and N.R. SMITH, Circuit Judges, and OLIVER, Chief District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S.
District Court for Northern Ohio, sitting by designation.

Plaintiffs appeal the district court's dismissal of their complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing. We reverse and remand. Because the parties are familiar with the background of the case, we need not recount it here.

I

In *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), the Supreme Court described the "irreducible constitutional minimum of standing" as consisting of three criteria:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized . . . , and (b) actual or imminent, not conjectural or hypothetical . . . . Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court. . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id*. at 560–61 (citations and internal quotation marks omitted; some alterations in the original).

In this case, the district court correctly concluded that the plaintiffs lacked standing to bring their claims concerning limitation of the notice of recall to certain states because they had failed to establish injury-in-fact. When Toyota made the repair available, free of charge, in both recall and non-recall states, Toyota effectively eliminated any distinction between the plaintiffs and vehicle owners in

recall states.  Plaintiffs do not allege that Toyota's repair was ineffective. Therefore, plaintiffs cannot establish injury-in-fact with regard to Toyota's response to the defect, and they lack standing.

Plaintiffs asserted an alternative theory, namely that they either paid too much when they bought their vehicles because the vehicles were defective, or that they would not have purchased the vehicles had they known of the defect. However, despite the fact that Toyota made a factual challenge to standing, plaintiffs did not present evidence–even through verified complaint–to establish injury-in-fact, although it was their burden to establish standing.  *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 969–70 (9th Cir. 2009); *see also Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  Therefore, the district court did not err in dismissing the complaint for lack of standing.

## II

The district court erred in declining to grant leave to amend.  Courts "should freely give leave" to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2). "'Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.'"  *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th

Cir. 2010) (quoting *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)).

Although the unverified complaint was insufficient to overcome Toyota's standing challenges, it is not inconceivable that plaintiffs could have amended their complaint to establish standing through economic harm at the time of purchase or at the time of resale. *See United States v. Students Challenging Regulatory Agency Procedures* ("*SCRAP*"), 412 U.S. 669 (1973). It is noteworthy that, although plaintiffs did not submit evidence of such economic harm, directly or through verified complaint, Toyota did not present any direct evidence to challenge that theory. Given that an amendment might not be futile, the district court should have allowed the plaintiffs the opportunity to submit an amended complaint. We do not prejudge whether the amendment would have been sufficient, we only hold that the opportunity should have been given.

Each party should bear its or their own costs.


**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**